IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **HOLLIS BAILEY**<br>14400 Albrook Drive #66<br>Denver, CO 80239<br><br>on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>**UNITED AMERICAN SECURITY, LLC**<br>c/o Statutory Agent C T Corporation System<br>7700 E Arapahoe Road, Suite 220,<br>Centennial, CO 80112-1268<br><br>Defendant. | CASE NO.<br><br>JUDGE<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiff Hollis Bailey ("Plaintiff"), on behalf of himself and all others similarly situated, files this Complaint against United American Security, LLC ("Defendant"), and states and alleges as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, Colorado Wage Act ("CWA"), C.R.S. 8-4-101, et seq., and Colorado Overtime and Minimum Pay Standards Order #36 ("COMPS"), 7 C.C.R. 1103-1.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of

himself and other "similarly situated" persons as defined herein who may join this case pursuant to §216(b) (the "FLSA Collective Class").

3. Plaintiff also brings this claim as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the CWA and COMPS on behalf of himself and all other similarly situated workers (the "State Law Class") as defined herein.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant conducts business in this District and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

6. The Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. At all times relevant herein. Plaintiff Hollis Bailey was a resident of Colorado.

8. Within the three years preceding the filing of this Action, Plaintiff was employed by Defendant as a non-exempt employee who was paid on an hourly basis.

9. At all relevant times, Plaintiff was an employee within the meaning of the FLSA, CWA and COMPS.

10. Defendant United American Security, LLC is a foreign limited liability company, organized and existing under the laws of the State of Delaware, with its principal place of business

at 1699 South Hanley Road, Suite 350, St. Louis, MO 63144, licensed to conduct business in the State of Colorado.

11. In March 2018, GardaWorld Security Corporation acquired Defendant.

12. At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and C.R.S. § 8-4-101(6).

13. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207, and an employee within the meaning of C.R.S. § 8-4-101(5).

15. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

16. Defendant is a security services company. In connection with its business services, it offers security guard services for its customers in various locations throughout the country.

17. Defendant employed Plaintiff Hollis Bailey as a security guard.

18. Defendant employed other similarly situated employees as security guards.

19. Defendant classified Plaintiff and other similarly situated employees as non-exempt employees.

20. Defendant paid Plaintiff and other similarly situated employees on an hourly basis.

21. Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek.

22. Plaintiff and other similarly situated employees were required to arrive at work approximately 10-15 minutes before their scheduled shift for "pass down", which involves several shift-change duties that are essential for a security guard to perform his or her job.

23. During the pass down, Plaintiff and other similarly situated employees obtained information about security issues that occurred on the previous shift, and security issues that could occur on the next shift.

24. Plaintiff and other similarly situated workers were not paid any amount for the pre-shift "pass down" work and such time was not counted as hours worked for purposes of computing overtime.

25. Plaintiff and other similarly situated employees performed this unpaid work every workday and it constituted a part of their fixed and regular working time.

26. There was no practical administrative difficulty of recording this unpaid work of Plaintiff and other similarly situated employees. Defendant could have precisely recorded Plaintiff and the putative class members' time for payroll purposes simply by allowing security guards to clock in when they performed the pre-shift "pass down" duties.

27. This unpaid work performed by Plaintiff and other similarly situated employees constituted an integral and indispensable part of their principal activities.

28. Defendant knowingly and willfully failed to pay Plaintiff and other similarly situated employees for time spent performing pre-shift "pass down" duties.

29. As a result of Plaintiff and other similarly situated employees not being paid for all hours worked, Plaintiff and other similarly situated employees were not paid overtime compensation for all the hours they worked over 40 each workweek.

30. Defendant knowingly and willfully engaged in the above-mentioned violations of

the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

32. The class that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> **All former and current hourly full-time non-exempt security guards employed by Defendant, excluding those employed in Ohio, who reported to work prior to the start of their scheduled shift to receive a briefing and/or obtain equipment from the security guard whose shift was ending, but were not paid for that time within the three (3) years preceding the date of the filing of this Action to the present.**

33. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as her own in bringing this action.

34. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

35. Plaintiff also brings this action against Defendant for violation of Colorado state law pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and a class of similarly situated employees, defined as:

> **All former and current hourly full-time non-exempt security guards employed by Defendant in Colorado who reported to work prior to the start of their scheduled shift to receive a briefing and/or obtain equipment from the security guard whose shift was ending, but were not paid for that time within the three (3) years preceding the date of the filing of this Action to the present.**

36. The State Law Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential class but, upon information and belief, avers that it consists of at least several hundred persons.

37. There are questions of law or fact common to the State Law Class including: whether Defendant failed to pay its employees for receiving briefings and/or equipment prior to the start of their shift, and Defendant's actions or inaction resulted in the underpayment of overtime to the State Law Class.

38. Plaintiff will adequately protect the interests of the State Law Class. His interests are not antagonistic to but, rather, are in unison with, the interests of the State Law Class members.

39. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

40. The questions of law or fact that are common to the State Law Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the State Law Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring State Law Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many State Law Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
## (FLSA Overtime Violations)

42. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Defendant's practice and policy, as described herein, of not paying Plaintiff and other similarly situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

44. Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 516.2(a)(7).

45. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

46. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Colorado State Law Overtime Violations)

47. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

48. Defendant's practice and policy, as described herein, of not paying Plaintiff and other similarly situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the CWA, C.R.S. 8-4-101, et seq., and COMPS, 7 C.C.R. 1103-1.

49. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the CWA and COMPS.

50. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the CWA and COMPS.

51. As a result of Defendant's practices, Plaintiff and other similarly situated State Law Class members have been damaged in that they have not received wages due to them pursuant to Colorado's wage and hour laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all persons similarly situated, prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt in;

B. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the State Law Class;

C. Award Plaintiff and the putative class actual damages for unpaid wages;

D. Award Plaintiff and the putative class liquidated damages equal in amount to the unpaid wages found due to Plaintiffs and the putative class;

E. Award Plaintiff and the putative class pre-judgment and post-judgment interest at the statutory rate;

F. Award Plaintiff and the putative class attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the putative class further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ *Hans A. Nilges*
Hans A. Nilges (OH Bar #0076017)
Shannon M. Draher (OH Bar #0074304)
**NILGES DRAHER LLC**
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone:	(330) 470-4428
Facsimile:	(330) 754-1430
Email:  hans@ohlaborlaw.com
            sdraher@ohlaborlaw.com

Jeffrey J. Moyle (OH Bar #0084854)
**NILGES DRAHER LLC**
614 West Superior Avenue, Suite 1148
Cleveland, Ohio 44113
Telephone:	(234) 401-9286
Email:	jmoyle@ohlaborlaw.com

Lori M. Griffin (0085241)
Anthony J. Lazzaro (0077962)
Chastity L. Christy (0076977)
**THE LAZZARO LAW FIRM, LLC**
The Heritage Bldg., Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiffs demands a trial by jury on all eligible claims and issues.

<u>*/s/ Hans A. Nilges*</u>
Hans A. Nilges
ATTORNEY FOR PLAINTIFF