**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-CV-00257-NYW

PAMELA LOGAN, on behalf of herself and
all others similarly situated,

      Plaintiff,

v.

UNITED AMERICAN SECURITY, LLC,

      Defendant.

---

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT**

---

      Plaintiff Pamela Logan ("Plaintiff Logan") and Defendant United American Security, LLC ("Defendant") (together, the "Parties"), by and through their respective undersigned counsel, jointly move for the Court's approval of the Parties' proposed Fair Labor Standards Act ("FLSA") settlement. In support of this Motion, the Parties state as follows:

**I.      Procedural History**

      This case was originally filed on January 26, 2021 by former named plaintiff Hollis Bailey. (ECF #1). On July 16, 2021, Plaintiff Logan was substituted as Named Plaintiff. (ECF #33). After substantial negotiation, on September 17, 2021, the Parties reached a settlement in this matter.  On November 10, 2021, the Court approved the Parties' Joint Motion for Approval of Amended FLSA Opt-In Notice and Notice of Settlement, and ordered that the Notice of Collective Action be distributed to putative collective members. (ECF #46).

      The Opt-In Notice approved by the Court on November 10, 2021 was mailed to all 37 putative collective members at their last known addresses by U.S. Postal Service first class mail

on December 10, 2021. Putative collective members who were interested in joining this case were able to return their signed consent form by email, fax, or regular mail. The deadline for returning the signed consent form was February 8, 2022. To this day, none of the putative collective members has returned a signed consent form. (See Declaration of Jeffrey J. Moyle ("Moyle Dec.") attached as Exhibit 1, at ¶ 2).

Consequently, the only member of the putative collective who will be bound by the Settlement Agreement reached between the Parties (attached as Exhibit 2) is Plaintiff Logan. No other putative collective members will be releasing any of their FLSA claims against Defendant. Accordingly, the Parties request that the Court approve the Settlement Agreement (hereinafter, the "Agreement") and dismiss this case with prejudice.

## II.    LAW AND ARGUMENT

### A.    Legal Standard

A Court should approve the settlement of an FLSA case and dismiss an action upon demonstration that: (1) the litigation involves a bona fide dispute; (2) the proposed settlement is fair and equitable to all parties concerned; and (3) the proposed settlement contains a reasonable award of attorneys' fees. *Peterson v. Nelnet Diversified Sols., LLC*, Civil Action No. 17-cv-01064-NYW, 2022 U.S. Dist. LEXIS 24276, at *7-8 (D. Colo. Feb. 10, 2022) (citations omitted). Each of these elements is satisfied in this case and, as such, the Court should approve the settlement and dismiss this case.

### B.    The Litigation Involves a Bona Fide Dispute.

In determining whether there is a bona fide dispute, the Parties must present: (1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employee; (3) the employer's reasons for disputing the employee's right

to a minimum wage or overtime; (4) the employee's justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage. *Peterson*, 2022 U.S. Dist. LEXIS 24276, at \*8.

Defendant provides security guard services for its customers in various locations, including in Colorado. (Amended Complaint, ECF #33 at ¶ 16). Plaintiff Logan was employed by Defendant as a non-exempt security guard. (*Id.* at ¶ 17). Plaintiff Logan alleges that she and other security guards were required to arrive at work approximately 10-15 minutes before their scheduled shift for "pass down," which is when a security guard speaks with the security guard from the previous shift to obtain information about security issues that occurred on the previous shift, and security issues that could occur on the next shift. (*Id.* at ¶ 22-23). Plaintiff Logan alleges that security guards are not paid for this pass down time, causing them not to be paid all of the overtime compensation to which they were entitled. (*Id.* at ¶¶ 24, 29).

Defendant admitted that "certain employees in certain positions at certain posts may, at the beginning of their shift, be provided with certain information relevant to the performance of their duties." (Answer to Amended Complaint, ECF #35 at ¶ 23). However, Defendant denied that Plaintiff Logan and other security guards were not properly compensated for this time, and also denied that this caused any security guard not to be paid all of the overtime compensation to which they were entitled. (*Id.* at ¶¶ 24, 29). Furthermore, Defendant claimed that "Plaintiffs' alleged claims fail because [Defendant] prohibits, and does not require, off-the-clock work, including specifically for pre-shift 'pass down,'" and that "any pre-shift work by Plaintiffs was noncompensable, *de minimis* time." (*Id.* at p. 11).

Thus, it is beyond doubt that this case involves a bona fide dispute. The Parties disagree on the substantive facts, including whether security guards had to do pass down prior to the start

of their shift and, if so, whether they were paid for that time. The Parties also disagree on the law, as Plaintiff Logan claims the time spent doing pass down should have been considered compensable time for which she and other security guards should have been paid, and Defendant claims that any such time was noncompensable and *de minimis*.

### C.    The Proposed Settlement is Fair and Equitable to All Parties Concerned.

Courts consider the following factors in determining whether a proposed settlement is fair and equitable: (1) whether the parties fairly and honestly negotiated the settlement; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted litigation; and (4) the judgment of the parties that the settlement is fair and reasonable. *Peterson*, 2022 U.S. Dist. LEXIS 24276, at *10-11. As none of the putative collective members of opted into this case, the only Parties who are affected by the settlement are Plaintiff Logan and Defendant.

The Parties engaged in good-faith, arms-length settlement negotiations, exchanging several settlement proposals before they agreed to the terms of the settlement that was ultimately reached in this case. (Moyle Dec. at ¶ 3). Under the terms of the Agreement, Plaintiff Logan will recover 100% of her alleged unpaid wages (assuming 15 minutes of unpaid time per day), and approximately 75% of her alleged liquidated damages.[1] (*Id.* at. ¶ 4). Plaintiff Logan will also receive an additional Service Payment of $750 for her service as the Named Plaintiff in this litigation. (*Id.* at. ¶ 5).

---

[1] Any putative collective member would also have made the same recovery if they had joined this case.

The value of this recovery, which represents a substantial portion of the alleged damages in this case, far outweighs the mere possibility of future relief after protracted litigation. As described above, the Parties disagree about the facts and the law. There is a significant chance that, if the settlement is not approved, the Parties would engage in protracted and costly discovery and motion practice, the result of which could be no recovery by Plaintiff Logan, or a recovery by Plaintiff Logan that is less than, the same, or only marginally better than what she will receive under the settlement. The Parties also believe that the settlement is fair and reasonable, as it will provide Plaintiff Logan substantial relief and permit the Parties to avoid the cost and inherent risk of further litigation.

### D.    The Proposed Settlement Contains a Reasonable Award of Attorneys' Fees.

When determining whether an attorney fee award is reasonable, "the general starting point for any calculation of a reasonable attorney's fee is the 'lodestar,' that is, the number of hours reasonably expended multiplied by a reasonable hourly rate." *Peterson,* 2022 U.S. Dist. LEXIS 24276, at *16-17 (D. Colo. Feb. 10, 2022) (citations omitted). "The court is not required to reach a lodestar determination in every instance, however, and may simply accept or reduce a fee request within its discretion." *Id.*

The Agreement provides an attorneys' fee award of $12,000 and costs in the amount of $2,348.75. Lead Counsel for Plaintiff Logan alone has $19,215 in attorneys' fees.[2] Thus, the amount of attorneys' fees provided for in the settlement is less than Plaintiff Logan's counsel's lodestar. As this Court has previously approved attorneys' fees representing a multiplier in excess of two times the lodestar, the Court should approve Plaintiff Logan's Counsel's request for

---

[2] Pursuant to D.C.COLO.LCivR 54.3, the attached Declaration of Jeffrey Moyle contains a summary of relevant qualifications and experience, and a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed.

attorneys' fees in the amount of $12,000. *See, e.g., Prim v. Ensign United States Drilling, Inc.*, Civil Action No. 15-cv-02156-PAB-KMT, 2019 U.S. Dist. LEXIS 168559, at *21 (D. Colo. Sep. 30, 2019) (finding that a fee award that represented a "2.34 multiplier of the lodestar amount [was] within the range of multipliers approved in other class or collective action cases").

## III. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff Pamela Logan and Defendant United American Security, LLC respectfully request that this Court approve the Settlement Agreement reached by the Parties, and dismiss this case with prejudice.

Respectfully Submitted,

<div style="display:flex">

/s/ Jeffrey J. Moyle
Jeffrey J. Moyle (OH Bar #0084854)
NILGES DRAHER LLC
1360 E. 9th Street, Suite 808
Cleveland, Ohio 44114
Telephone: (234) 401-9286
Email: jmoyle@ohlaborlaw.com

Hans A. Nilges (OH Bar #0076017)
Shannon M. Draher (OH Bar #0074304)
NILGES DRAHER LLC
7034 Braucher St. N.W., Suite B
North Canton, Ohio 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
Email: sdraher@ohlaborlaw.com

Lori M. Griffin (0085241)
Anthony J. Lazzaro (0077962)
THE LAZZARO LAW FIRM, LLC
The Heritage Bldg., Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com

</div>

*/s/ Michael L. Jente (with consent)*
Neal F. Perryman, 43057 (MO)
Michael L. Jente, 62980 (MO)
LEWIS RICE LLC
600 Washington Avenue, Suite 2500
St. Louis, MO 63101
Telephone: (314) 444-7661
Facsimile: (314) 612-7661
nperryman@lewisrice.com
mjente@lewisrice.com

Kendra N. Beckwith
MESSNER REEVES LLP
1430 Wynkoop Street, Suite 300
Denver, CO 80202
Telephone: (303) 623-1800
Facsimile: (303) 623-0552
kbeckwith@messner.com

*Attorneys for Defendant*

anthony@lazzarolawfirm.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that on June 15, 2022, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Jeffrey J. Moyle*
Jeffrey J. Moyle

Counsel for Plaintiff