# Exhibit 2

Settlement Agreement

# FLSA COLLECTIVE SETTLEMENT AND RELEASE

1. Subject to approval by the United States District Court for the District of Colorado (the "**Court**") in the civil action entitled *Pamela Logan v. United American Security, LLC d/b/a GardaWorld Security Services.*, Case No. 1:21-CV-257-NYW (the "**Action**" or the "**Litigation**"), this FLSA Collective Settlement and Release (this "**Settlement Agreement**" or this "**Agreement**") is entered into by and between Representative Plaintiff, on behalf of herself and on behalf of the FLSA Collective, and Defendant United American Security, LLC d/b/a GardaWorld Security Services ("**Defendant**").

## DEFINITIONS

2. "**Representative Plaintiff**" shall mean Pamela Logan.

3. "**FLSA Collective**" or "**FLSA Collective Members**" shall mean all past or current hourly security guards of Defendant who do not have an arbitration agreement with Defendant and who: (1) worked for Defendant in Colorado at any time between January 26, 2018 through May 14, 2021; (2) worked forty hours or more in a workweek; (3) relieved a preceding shift; and (4) were required to arrive at work before their shift began to perform "pass on" or "pass down" duties, but were not paid for that time. To be an FLSA Collective Member, an individual must satisfy each condition of this definition and also opt-in to the FLSA Collective within the prescribed time period. Representative Plaintiff is an FLSA Collective Member. Representative Plaintiff and the other potential FLSA Collective Members are identified in Exhibit A.

4. The FLSA Collective Members and Defendant each are a "**Party**" and collectively are the "**Parties**."

5. "**Representative Plaintiff's Counsel**" or "**Class Counsel**" is, together, Nilges Draher LLC and The Lazzaro Law Firm, LLC.

6. "**Defendant's Counsel**" is, together, Lewis Rice LLC and Messner Reeves LLP.

7. "**Global Settlement Fund**" shall mean the gross amount of Thirty-Seven Thousand Five Hundred Eighty-Four Dollars and Sixty-One Cents (**$37,584.61**), which is the total amount of funds available for all payments specified hereunder, including potential payments for the FLSA Collective Members, Representative Plaintiff's Service Award, and Class Counsel's attorneys' fees, costs, and expenses related to the Action.

8. "**Service Award**" shall mean the payment made from the Global Settlement Fund to Representative Plaintiff in the amount of Seven Hundred Fifty Dollars ($750.00) for her services in bringing and prosecuting the Action. The Service Award is subject to the Court's approval.

9. "**Effective Date**" shall mean thirty-one (31) days after the Court's entry of an Order approving the FLSA Collective Settlement as contemplated by Section 23(h).

## FACTUAL AND PROCEDURAL BACKGROUND

10. On January 26, 2021, former named plaintiff Hollis Bailey commenced the Action.[1]

11. On July 16, 2021, Representative Plaintiff was substituted as the named plaintiff in the Action via an Amended Complaint.

12. In the Amended Complaint, Representative Plaintiff alleges that Defendant violated the Fair Labor Standards Act of 1938 (29 U.S.C. § 201, *et seq*.) ("FLSA") and Colorado state law by failing to pay Representative Plaintiff and other similarly situated employees all of their overtime pay. Specifically, Representative Plaintiff alleges Defendant did not pay Representative Plaintiff for time worked in excess of 40 hours in a week that was spent performing pre-shift "pass down" duties prior to clocking in each day. (Doc. #33).

---

[1] Former named plaintiff Hollis Bailey voluntarily elected to remove himself as named plaintiff from the Action, though he is still a potential FLSA Collective Member.

13. Defendant denies the allegations and claims alleged in the Action, and has asserted various affirmative and other defenses. Defendant specifically denies any occurrence, much less a pattern or practice, of requiring employees to perform pre-shift "pass down" duties prior to clocking in each day. (Doc. #35).

14. Notice of the Action and a Consent Form was mailed to potential FLSA Collective Members on December 10, 2021.

15. Several other individuals have attempted to opt in to the Action, but the Parties agree that they are not proper opt-in plaintiffs.[2]

16. Defendant continues to deny that it violated any federal or state law, breached any duty, failed to pay any employees as required by the FLSA or any applicable state law, or engaged in any other unlawful conduct with respect to any of its employees, including, but not limited to, the allegations that were raised or could have been raised in the Action, and a *bona fide* dispute exists between the Parties regarding the amount of compensation, if any, owed to the potential FLSA Collective Members.

17. The Parties have exchanged and analyzed factual disclosures. This information and document exchange enabled the Parties to understand and assess the detail and substance of their respective claims and defenses.

18. The Parties engaged in early settlement discussions, which eventually led to a settlement being reached. The terms of the settlement are reflected in this Settlement Agreement

---

[2] Specifically: (1) Abdusamad Abdulhakim worked for Defendant in Colorado but is bound by an arbitration agreement; (2) Thresa Hawthorne worked for Defendant in Ohio and is among the class/collective members whose claims were resolved in other litigation; (3) Shanarr Kennedy works for Defendant in Louisiana and is bound by an arbitration agreement; and (4) Khalid Cook, Benjamin Hare, and William Tomasiak did not work for Defendant in any state.

and, subject to Court approval, will fully and finally settle and resolve the Action in its entirety and result in the dismissal of the Action, with prejudice.

19.   It is the desire of the Parties to avoid incurring further burdens, expenses, and costs of the Action; to resolve, in an amicable fashion, all matters arising out of or related to the Action and any claims that have been or could have been raised in the Action; and to fully, finally, and forever settle, compromise, and discharge all Released Claims for the Released Parties through the Release Period.

20.   Class Counsel has conducted a thorough investigation into the facts of the Litigation and has diligently pursued an investigation of Representative Plaintiff's individual claims and the collective claims against Defendant. Based on its own independent investigation and evaluation, Class Counsel is of the opinion that the settlement with Defendant is fair, reasonable, adequate, and in the best interest of the potential FLSA Collective Members in light of all known facts and circumstances, including the risks of significant delay and continued litigation, the defenses asserted by Defendant, and the possibility that the potential FLSA Collective Members otherwise may not recover anything or may recover an amount less than that provided for in this Agreement.

21.   The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Settlement Agreement, to effectuate all aspects of this Settlement Agreement, and to dismiss the Litigation, with prejudice, upon approval from the Court. If the Court approves of this Settlement Agreement, the Parties agree that Class Counsel will mail the FLSA Opt-In Notice to the potential FLSA Collective Members and, thereafter, the FLSA Settlement Notice to the FLSA Collective Members.

22. The total potential payment under this Settlement Agreement, including but not limited to all payments for the FLSA Collective Members, Representative Plaintiff's Service Award, and Class Counsel's attorney's fees, expenses, and costs, is (and will not exceed) Thirty-Seven Thousand Five Hundred Eighty-Four Dollars and Sixty-One Cents (**$37,584.61**); provided, however, that this payment does not include Defendant's share of its payroll taxes, as applicable.

## SETTLEMENT APPROVAL PROCEDURE

23. This Agreement will become final and effective upon occurrence of all of the following events:

    a) Execution of this Settlement Agreement by Representative Plaintiff and Defendant.

    b) Submission to the Court by the Parties of a Joint Motion for Approval of FLSA Collective Settlement.

    c) Approval by the Court of the FLSA Collective Settlement.

    d) Distribution by Class Counsel of the FLSA Opt-In Notice to the potential FLSA Collective Members and, thereafter, the FLSA Settlement Notice to the FLSA Collective Members.

    e) Filing with the Court by Class Counsel of a Declaration verifying that the FLSA Opt-In Notice and the FLSA Settlement Notice were distributed in the form and manner set forth herein.

    h) Occurrence of the "Effective Date," which is defined as the date on which the Court enters an Order approving the FLSA Collective Settlement, thereby releasing claims of Representative Plaintiff and the other FLSA Collective Members, dismissing the Action, with prejudice, such that it is no longer appealable (that being the thirty-first day after service of notice of Entry of Judgment or, if an appeal

has been filed, the date on which the Parties have received actual notice that the settlement has received final approval after the completion of the appellate process), and retaining jurisdiction over the Action for the purpose of enforcing the terms of this Settlement Agreement.

## SETTLEMENT TERMS AND CONDITIONS

24. In exchange for the Released Claims, the Parties agree as follows:

    (a) The settlement payments for each potential FLSA Collective Member are set forth in Exhibit A. These payments represent 100% of the wages at issue and approximately 74.21% of the liquidated damages at issue.[3]

    (b) Each potential FLSA Collective Member who timely opts in and does not reject this settlement will receive his or her payment set forth in Exhibit A.

25. For tax purposes, the Parties agree that the wage portions of settlement payments to the FLSA Collective Members will be treated as wage income paid under Internal Revenue Service ("IRS") Form W-2 and subject to ordinary payroll withholdings under federal and state law, and that the liquidated damages portions of settlement payments to the FLSA Collective Members will be treated as non-wage income paid under IRS Form 1099. Defendant will make all required employer contributions with respect to any portions of the settlement payments paid as wages under IRS Form W-2, and these contribution amounts will not be deducted from the Global Settlement Fund.

---

[3] In respect to the eight (8) individuals set forth in Exhibit A for whom it appears no wages are at issue, Representative Plaintiff and Defendant agreed to treat these individuals as potential FLSA Collective Members and to allocate $25.00 to each of these individuals as liquidated damages, which amount each of these individuals will receive if they timely opt in and do not reject this settlement.

26.     Class Counsel may apply to the Court for a Service Award for Representative Plaintiff in the amount of Seven Hundred Fifty Dollars (**$750.00**) to be paid from the Global Settlement Fund, which Defendant will not contest. Such Service Award payment will be non-wage income paid under IRS Form 1099.

27.     Each FLSA Collective Member will receive an IRS Form 1099 and Form W-2 from Defendant, as applicable, reflecting the check paid to him or her under this Agreement.

## ATTORNEYS' FEES, COSTS, AND EXPENSES

28.     Class Counsel will seek an order from the Court approving the payment of their attorneys' fees and costs in the amount of Fourteen Thousand Three Hundred Forty-Eight Dollars and Seventy-Five Cents (**$14,348.75**), representing $6,000.00 in attorneys' fees and $1,819.00 in costs and expenses incurred by The Lazzaro Law Firm, LLC, and $6,000.00 in attorneys' fees and $559.75 in costs and expenses incurred by Nilges Draher LLC.

## RESPECTIVE PARTIES' OBLIGATIONS AND DUTIES

29.     Subject to Court approval of this Settlement Agreement as provided above, and after the Effective Date, the Parties agree that Defendant will be responsible for issuing checks to FLSA Collective Members who timely opt-in and issuing IRS Forms W-2 and 1099, as applicable, for all payments to the FLSA Collective Members and Class Counsel.

30.     Per the Court's Order and the Parties' agreement, the Parties agree that Class Counsel will be responsible for mailing the FLSA Opt-In Notice to potential FLSA Collective Members and, thereafter, the FLSA Settlement Notice to FLSA Collective Members.

31.     The Parties agree that Class Counsel will be responsible for responding to inquiries by FLSA Collective Members regarding the terms of the settlement.

## SETTLEMENT ADMINISTRATION TIMELINE

32. Class Counsel shall mail the FLSA Opt-In Notice to all potential FLSA Collective Members in accordance with the Court's Order. If the mailing is returned as undeliverable, Class Counsel shall perform a skip trace of the recipient of the notice to obtain a new address, and shall re-mail the notice one time if updated address information is found. If the re-mailed notice is returned as undeliverable, that individual shall not be considered a member of the FLSA Collective and no further notices shall be mailed to the individual. The potential FLSA Collective Members shall have sixty (60) days after the initial mailing of the FLSA Opt-In Notice to opt in to the FLSA Collective.

33. After expiration of the sixty (60) day period set forth in Section 32, in accordance with the Court's Order, Class Counsel shall mail the FLSA Settlement Notice to all FLSA Collective Members.

34. Within thirty (30) days of the Effective Date, Defendant shall mail settlement payments for the FLSA Collective Members, Representative Plaintiff's Service Award, and Class Counsel's attorneys' fees, costs, and expenses. As for Class Counsel's attorneys' fees, costs, and expenses, Defendant shall mail one check payable to Nilges Draher LLC in the amount of $6,559.75, and another check payable to The Lazzaro Law Firm, LLC in the amount of $7,819.00.

## ADDITIONAL TERMS

35. Representative Plaintiff, on behalf of herself and the FLSA Collective Members, acknowledges and agrees that she has not relied upon any advice from Defendant as to the allocation and taxability of the payments to be made under this Agreement and that she and the FLSA Collective Members are responsible for any personal tax liability arising from the allocation of, and payment from, the Global Settlement Fund as attorneys' fees, costs and expenses, Service Awards, taxable wage income, and taxable non-wage income.

36. Any funds from the Global Settlement Fund that are not distributed to the FLSA Collective Members, Representative Plaintiff as a Service Award, or Class Counsel for their attorneys' fees, costs, and expenses shall revert back to Defendant.

37. Any settlement payment check that is not negotiated by an FLSA Collective Member within 180 days of the date of issuance shall be null and void, and the associated funds shall revert back to Defendant.

## RELEASES AND RELEASED CLAIMS

38. Upon the Effective Date, and except as to such rights or claims as may be created by this Settlement Agreement, Representative Plaintiff and all other FLSA Collective Members fully and forever waive, discharge, and release any and all claims, demands, damages, actions, causes of action, and liabilities against Defendant, its parent, subsidiaries, affiliated and related companies, and against each of these entities past and present officers, directors, members, employees, agents, predecessors, shareholders, partners, successors, assigns, heirs, executors, insurers, attorneys, and administrators, (collectively, the "**Released Parties**") relating to any and all federal or state law wage and hour matters, including without limitation any claims specifically arising out of the subject matter of the Action, at any time during the Release Period (the "**Released Claims**"). The "**Release Period**" shall mean the period of time between January 26, 2018 and the date the Court enters an Order approving the FLSA Collective Settlement as contemplated by Section 23(h).

39. In addition to the Released Claims set forth in Section 38, upon the Effective Date, and except as to such rights or claims as may be created by this Settlement Agreement, Representative Plaintiff fully and forever waives, discharges, and releases the Released Parties of and from any and all claims, demands, damages, actions, causes of action, and liabilities of every

9

kind and nature whatsoever, including without limitation those based on statute, common law, and contract, including actual or implied contracts, whether known or unknown, foreseen or unforeseen, which have arisen between Representative Plaintiff and any of the Released Parties from the beginning of time up to the Effective Date.

40. The payment of attorneys' fees, expenses, and costs to Class Counsel, as set forth above, includes all of the attorneys' fees, expenses, and costs incurred to date and to be incurred in documenting the settlement, securing Court approval of the settlement, administering the settlement, and obtaining a dismissal, with prejudice, of the Action. In consideration of these attorneys' fees, expenses, and costs, Class Counsel waives any and all claims to any further attorneys' fees, expenses, and costs in connection with the Action. If any potential FLSA Collective Member chooses to be represented by his or her own lawyer in the Action, he or she must hire such lawyer at his or her own expense.

## VOIDING THIS SETTLEMENT AGREEMENT

41. If the Court does not approve this Settlement Agreement, the entire Settlement Agreement will be void and unenforceable and the Litigation will proceed forward.

42. To the extent this Settlement Agreement is determined to be void by the Court, or the Effective Date does not occur for any reason, Defendant does not waive, but rather expressly reserves, all rights to challenge any and all claims and allegations asserted by Representative Plaintiff and any current or potential opt-in plaintiff in the Action upon all procedural and substantive grounds, including without limitation the ability to challenge collective or class action treatment on any grounds and to assert any and all other potential defenses, counterclaims, or privileges. The Parties, Class Counsel, and Defendant's counsel agree that Defendant retains and reserves these rights, and they agree not to take a position to the contrary. Specifically, the Parties,

Class Counsel, and Defendant's Counsel agree that, if the Action were to proceed, Representative Plaintiff, the potential FLSA Collective Members, and Class Counsel will not argue or present any argument, and hereby waive any argument that, based on the settlement or this Settlement Agreement or any exhibit and attachment hereto, or any act performed or document executed pursuant to or in furtherance of the settlement or this Settlement Agreement, Defendant should be barred from contesting collective action certification or class action certification or from asserting any and all other potential defenses, counterclaims, and privileges.  This Agreement shall not be deemed an admission by, or ground for estoppel against, Defendant that collective or class action treatment pursuant to the FLSA, Federal Rule of Civil Procedure 23, or on any other basis is proper or cannot be contested on any other grounds.

## PARTIES' AUTHORITY

43. The signatories represent that they are fully authorized to enter into this Agreement and bind the Parties to its terms and conditions.  Representative Plaintiff represents that she is authorized to enter into this Settlement Agreement in both her individual and representative capacities.

## MUTUAL AND FULL COOPERATION

44. The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents as may reasonably be necessary to implement the terms of this Agreement.  The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement.  As soon as practicable after execution of this Settlement Agreement, Class

Counsel and Defendant's Counsel shall take all necessary steps to secure the Court's approval of this Settlement Agreement.

## SEVERABILITY

45. If, after the occurrence of the Effective Date, any provision of this Agreement other than the Release is for any reason held to be invalid or unenforceable, such provision shall not affect any other provision hereof, but this Agreement shall be construed as if such invalid and/or unenforceable provision had never been contained herein.

## NO ADMISSION OF LIABILITY

46. Each of the Parties has entered into this Settlement Agreement solely to compromise and resolve highly disputed claims based on disputed facts and allegations and to avoid the costs and risks of further litigation. Neither the fact of this Settlement Agreement nor any of its parts, nor the consummation of this Settlement Agreement, shall be construed as an admission of any kind or a determination of unlawful activity or failure to comply with the law in any respect, or of any wrongdoing, liability, culpability, and/or negligence on the part of any Party, or that any fact or allegation asserted by any Party was true, or that certification of a collective(s) or class(es) for trial purposes is appropriate or proper. This settlement, and the fact that Representative Plaintiff and Defendant were willing to settle the Action, will have no bearing on and will not be admissible in connection with any litigation other than solely in connection with, and as specified in, this Settlement Agreement.

47. Whether or not there is Court approval of this Agreement, neither the settlement, this Agreement, nor any documents, statements, proceedings, or conduct related to the settlement or this Agreement will be disclosed, referred to, or offered into evidence against any of the Released Parties in any further proceeding in the Action or in any other civil, criminal, or

Case 1:21-cv-00257-NYW Document 53-2 Filed 06/15/22 USDC Colorado Page 14 of 18
DocuSign Envelope ID: 0C7CCB2F-C873-4175-8F6F-41390A1929AE

administrative action or proceeding except for purposes of effectuating the settlement pursuant to this Agreement.

## NOTICES

48. Unless otherwise specifically provided, all notices, demands or other communications in connection with this Settlement Agreement shall be: (1) in writing; (2) deemed given on the third business day after mailing; and (3) sent via email, facsimile, or United States registered or certified mail, return receipt requested, addressed as follows:

To Representative Plaintiff and/or the FLSA Collective Members:

> Jeffrey J. Moyle, Esq.
> NILGES DRAHER LLC
> 1360 E. 9th St., Ste. 808
> Cleveland, Ohio 44114
> Telephone: 330-470-4428
> Facsimile: 330-754-1430
> jmoyle@ohlaborlaw.com

To Defendant:

> Neal F. Perryman, Esq.
> LEWIS RICE LLC
> 600 Washington Ave.
> Suite 2500
> St. Louis, Missouri 63101
> Telephone: 314-444-7661
> Facsimile: 314-612-7661
> nperryman@lewisrice.com

## CONSTRUCTION AND INTERPRETATION

49. The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, and arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any of the Parties by reason of their participation in the drafting of this Settlement Agreement.

50. Paragraph titles are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any of its provisions. Each term of this Settlement Agreement is contractual and not merely a recital.

51. This Settlement Agreement shall be subject to and governed by the laws of the State of Colorado.

## JURISDICTION

52. The Parties will request that the Court retain jurisdiction to enforce the terms of this Settlement Agreement.

## MODIFICATION

53. This Settlement Agreement may not be changed, altered, or modified, except in writing, signed by Class Counsel and Defendant's Counsel, and approved by the Court. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for all Parties. Notwithstanding the foregoing sentences, without further Order of the Court, the Parties may agree in writing to extensions of time to carry out any of the provisions of this Settlement Agreement.

## INTEGRATION CLAUSE

54. This Settlement Agreement, and the exhibits hereto, contain the entire agreement between the Parties relating to any and all matters addressed in this Settlement Agreement (including settlement of the Action), and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's counsel, with respect to such matters are extinguished.

## BINDING ON ALL PARTIES

55. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## COUNTERPARTS

56. This Settlement Agreement may be executed in counterparts and may be signed electronically via PDF. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this executed and signed Settlement Agreement shall be deemed originals.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

[*remainder of page blank; signature page follows*]

*Pamela S Logan*    Date: 3/1/2022
PAMELA LOGAN

On behalf of herself and the FLSA Collective Members

UNITED AMERICAN SECURITY, LLC
d/b/a GARDAWORLD SECURITY SERVICES

By: _____    Date: _____
Name:
Title:

55. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## COUNTERPARTS

56. This Settlement Agreement may be executed in counterparts and may be signed electronically via PDF. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this executed and signed Settlement Agreement shall be deemed originals.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

*[remainder of page blank; signature page follows]*

_____        Date: _____
PAMELA LOGAN

On behalf of herself and the FLSA Collective Members

UNITED AMERICAN SECURITY, LLC
d/b/a GARDAWORLD SECURITY SERVICES

By: _____        Date: __1/10/22__
Name: L.J. Paul Lutz
Title: General Counsel

<u>Exhibit A</u>
**Potential FLSA Collective Members and Payments**

| No. | NAME | Wages | Liquidated Damages |
|---|---|---|---|
| 1 | ARCHULETA, TORI | $197.44 | $146.52 |
| 2 | BAILEY, HOLLIS | $763.66 | $566.73 |
| 3 | BELHUMEUR, JADE | $1,101.60 | $817.53 |
| 4 | BROWN, ANGELA | $196.13 | $145.55 |
| 5 | CABALLERO, MARCO | $180.73 | $134.13 |
| 6 | CASTANEDA, IGNACIO | $542.26 | $402.43 |
| 7 | CHEST, JOSIE | $82.44 | $61.18 |
| 8 | CONLEY, NICOLE | $921.44 | $683.83 |
| 9 | COVINGTON, KENNETH | $31.56 | $23.42 |
| 10 | DURST, TIMOTHY | $467.03 | $346.60 |
| 11 | DYER, JAMES | $63.11 | $46.84 |
| 12 | EVANS, EDWARD | $410.23 | $304.44 |
| 13 | GAMBLE, WILLIAM | $82.05 | $60.89 |
| 14 | GARVIN, DARRYL | $936.36 | $694.90 |
| 15 | HANSEN-KERLUKE, HEATHER | $523.83 | $388.75 |
| 16 | HOWARD, NATASHA | $285.13 | $211.60 |
| 17 | HUSSEY, EDDIE | $807.84 | $599.52 |
| 18 | ISSAH, JAMES | $0.00 | $25.00 |
| 19 | IYO, TYLER | $0.00 | $25.00 |
| 20 | JAMILI, HASEEB | $0.00 | $25.00 |
| 21 | JOHNSON, MICHAEL | $0.00 | $25.00 |
| 22 | KRAFT JR, DANIEL | $170.40 | $126.46 |
| 23 | KURPANEK, ERIC | $517.52 | $384.07 |
| 24 | LARIOS, FLOYD | $0.00 | $25.00 |
| 25 | LETH, JESSICA | $172.13 | $127.74 |
| 26 | LEWIS, CHRISTOPHER | $82.05 | $60.89 |
| 27 | LOGAN, PAMELA | $1,495.77 | $1,110.05 |
| 28 | MARSHALL, DEAN | $31.50 | $23.38 |
| 29 | MARTINEZ, AUDREY | $0.00 | $25.00 |
| 30 | MCCLARD, MICHAEL | $554.82 | $411.74 |
| 31 | MORALES, JESUS | $0.00 | $25.00 |
| 32 | MUELLER, HAYDEN | $47.25 | $35.07 |
| 33 | PADILLA, GIOVANIE | $596.13 | $442.40 |
| 34 | PERALTA, BRYAN ANDRE | $0.00 | $25.00 |
| 35 | POWERS, JACOB | $294.33 | $218.43 |
| 36 | QUINTANA, TONY | $429.17 | $318.50 |
| 37 | SMITH, BRANDON | $139.42 | $103.47 |
| 38 | SMITH, ROBERT | $668.99 | $496.48 |